UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE KEVIN LOWE,<br><br>    Plaintiff,<br><br>    v.<br><br>CASE RECORDS STAFF, et al.,<br><br>    Defendants. | Case No. 5:22-cv-00446-VBF (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

     On February 2, 2022, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 in the United States District Court for the Northern District of California. [Dkt. 1.] Plaintiff's address listed on the Complaint was California Institution for Men and his CDCR number was listed as BP0086. On Match 10, 2022, the case was ordered transferred to this District. [Dkt. 7.]

     On March 16, 2022, United States Magistrate Judge Gail J. Standish issued an Order in this case, which was served on Plaintiff by mail at his docket address of record. [Dkt. 10, "March 16 Order."] On April 5, 2022, the Clerk's Officer received the service copy of the March 16 Order returned by the United States Postal Service as undeliverable, with notations that the mail could not be forwarded. [Dkt. 11.]

///

2

In light of this return of mail served upon Plaintiff, the Court's staff has reviewed the California Department of Corrections and Rehabilitation's Inmate Locater service. That service shows that no inmate under Plaintiff's name or CDCR number presently is incarcerated at California Institution for Men or at any other state prison, nor does it provide any forwarding or current address or other contact information for Plaintiff.

Local Rule 41-6 provides that:

> A party proceeding *pro se* must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a *pro se* plaintiff at his address of record is returned by the Postal Service as undeliverable and the *pro se* party has not filed a notice of change of address within 14 days of the service date of the order or other Court documents, the Court may dismiss the action with or without prejudice for failure to prosecute.

It has been more than 14 days since the March 16 Order issued and was served upon Plaintiff at his docket address of record – an address that the Court now knows is not a viable address. Plaintiff has failed to comply with the requirement of this Court that he submit a Notice of Change of Address when his address changed. Given Plaintiff's failure to provide the Court with a current address or other means of contacting him, the Court has no ability to communicate with him. In light of Plaintiff's failure to keep this Court apprised of his whereabouts, the Court assumes that he no longer wishes to pursue this case and that this action may be dismissed. Thus, Local Rule 41-6 supports the dismissal of this action for want of prosecution.[1]

---

[1] The Court notes further that, under 28 U.S.C. § 1915A, it is required to screen the Complaint. While the Court has not completed its screening review, it is readily apparent that the Complaint is substantially defective and grossly violative of Rule 8 of the Federal Rules of Civil Procedure. Despite liberally construing the Complaint, the Court cannot ascertain the nature of Plaintiff's claims, nor can it determine who they are asserted against. In addition, it appears that Plaintiff failed to comply with the administrative exhaustion requirement.

1 | Accordingly, for the foregoing reasons, IT IS ORDERED that this case is
2 | dismissed without prejudice for lack of prosecution.

4 | **IT IS SO ORDERED.**

6 | DATED: June 1, 2022                    /s/ Valerie Baker Fairbank

———————————————————
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

10 | Presented by:

———————————————————
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE